UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 11-11646-RGS

UNUM GROUP and PROVIDENT LIFE AND
ACCIDENT INSURANCE COMPANY,
Plaintiffs

v.

THE BENEFIT PARTNERSHIP, INC. and MICHAEL P. IPPOLITO
Defendants

v.

AMERICAN NATIONAL INSURANCE COMPANY
Reach and Apply Defendant

v.

FLORENCE SAVINGS BANK,
Trustee Defendant

MEMORANDUM AND ORDER ON UNUM GROUP AND
PROVIDENT LIFE AND ACCIDENT INSURANCE COMPANY'S
MOTION TO COMPEL

January 16, 2014

STEARNS, D.J.

The court deems UNUM Group's motion to compel futile in light Mr. Ippolito's declared intention to invoke his Fifth Amendment privilege against self-incrimination. Unum is correct that the privilege applies only to testimonial communications. *See Fisher v. United States*, 425 U.S. 391, 408

(1976). It is also true that the privilege does not attach to the contents of preexisting records. "When the government demands that an item be produced, 'the only thing compelled is the act of producing the [item].'. . . But a person may not claim the [Fifth] Amendment's protections based upon the incrimination that may result from the contents or nature of the thing demanded." *Baltimore City Dep't of Soc. Servs. v. Bouknight*, 493 U.S. 549, 554-555 (1990); s*ee also United States v. Doe (I)*, 465 U.S. 605, 612 n.10 (1984) (contents of business records voluntarily prepared are not privileged); *In re Steinberg*, 837 F.2d 527, 530 (1st Cir. 1988) ("If the contents of private papers are protected at all . . . 'it is only in rare situations, where compelled disclosure would break the heart of our sense of privacy'"); *United States v. Feldman*, 83 F.3d 9, 14 (1st Cir. 1996) ("The Fifth Amendment does not deal with the privacy of the contents of documents, but, rather, with the voluntariness of their preparation and production").

However, the refusal by a private party (as opposed to a collective entity like a corporation) to produce nontestimonial evidence is a testimonial act shielded by the Fifth Amendment. *See Doe (I)*, 465 U.S. at 614 n.13; *Doe v. United States (II)*, 487 U.S. 201, 215-218 (1988); *United States v. Hubbell*, 530 U.S. 27, 44-45 (2000). The fact that the privilege is sought to be overcome in

a civil proceeding makes no difference. The Fifth Amendment privilege against self-incrimination "applies alike to civil and criminal proceedings, wherever the answer might tend to subject to criminal responsibility him who gives it." *McCarthy v. Arndstein*, 266 U.S. 34, 40 (1924).

## ORDER

For the foregoing reasons, Unum's motion to compel is DENIED. Unum is entitled, for whatever practical purpose can be made of it, to the drawing of an adverse inference based on Mr. Ippolito's refusal to produce the requested documents. *See Mitchell v. United States*, 526 U.S. 314, 328 (1999); *Baxter v. Palmigiano*, 425 U.S. 308, 318 (1976).

SO ORDERED.

/s/ Richard G. Stearns
_____
UNITED STATES DISTRICT JUDGE